IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MICHAEL O. FOSTER,                )
                                  )
           Petitioner,            )
vs.                               )
                                  )   Case No. 12-cv-1172-DRH-CJP
JEFF KORTE,                       )
                                  )
           Respondent.            )

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

This matter is before the Court on petitioner's Motion to Stay and Hold in Abeyance. **(Doc. 23)**.

In 2004, petitioner was convicted of two counts of aggravated battery with a firearm and one count of aggravated discharge of a firearm by a jury in St. Clair County, Illinois. After filing a direct appeal and a state postconviction petition, he filed a petition for habeas relief under 28 U.S.C. §2254. (Doc. 1).

Petitioner raised the following grounds in his habeas petition:

1. The convictions on two counts of aggravated battery with a firearm violate the state's "one act – one crime" rule and due process.

2. Trial counsel was ineffective in failing to interview and present the testimony of alibi witnesses Dianne Foster and Venanita Ursery.

3. Trial counsel was ineffective in failing to impeach state's witness Donna Killion.

4. Trial counsel was ineffective in failing to "illustrate to the jury" that the victim, Richard Smith, was unable to see who shot him because it was dark.

5. Trial counsel was ineffective in failing to object to leading questions asked by the state's attorney of the state's witnesses.

6. Trial counsel was ineffective in failing to "illustrate to the jury" that

        witness Tracy Killion gave inconsistent testimony.

7. Trial counsel was ineffective in failing to "illustrate to the jury" that the state did not prove that the light at the crime scene was sufficient for the witnesses to see and identify petitioner as the shooter.

8. Appellate counsel was ineffective in failing to raise the issues set forth above on direct appeal.

Petitioner filed his Motion to Stay and Hold in Abeyance on June 25, 2014. Earlier that month, he filed a successive state postconviction petition raising a claim that trial counsel was ineffective with regard to plea negotiations. Petitioner did not file a copy of his successive state petition with this Court, and he has not elaborated on the details of this new claim. The state court promptly denied leave to file the successive petition, and petitioner appealed.[1] He asks this Court to stay his habeas petition until he can exhaust state remedies on a claim of ineffective assistance of counsel with regard to plea negotiations.

This Court has discretion to grant stay and abeyance of a "mixed petition," i.e., a habeas petition containing both exhausted and unexhausted claims. In light of the purposes of the Antiterrorism and Effective Death Penalty Act of 1996, stay and abeyance is appropriate only where there is good cause for the failure to exhaust, the unexhausted claim is potentially meritorious, and petitioner has not "engaged in intentionally dilatory litigation tactics." *Rhines v. Weber*, 125 S.Ct. 1528, 1535 (2005).

Respondent argues against stay and abeyance here. See, Doc. 24. Respondent filed his response to the motion on July 24, 2014. Petitioner has not replied to the arguments set forth in the response.

---

[1] Illinois law requires that a petitioner obtain leave of court to file a successive postconviction petition. 725 ILCS §5/122-1(f).

Respondent correctly points out that the habeas petition is not "mixed." Petitioner did not mention a claim of ineffective assistance with regard to plea negotiations in his habeas petition, and he has not sought leave to amend the petition to state that additional claim.

Respondent also argues that a request for leave to amend would be futile as an amendment would be untimely. A habeas petition must generally be filed within one year of the date on which the conviction became final. 28 U.S.C. 2244(d)(1)(A). Petitioner has not argued that he fits within any of the other clauses of §2244(d)(1). Petitioner's conviction became final on June 26, 2007. The one-year period was tolled during the pendency of his original state postconviction petition, but began running again when the PLA was denied on November 30, 2011.[2] The filing of the federal habeas petition does not toll the one-year period. *Duncan v. Walker*, 121 S. Ct. 2120 (2001). And, the filing of the successive postconviction petition in state court long after the one-year period elapsed does not reset the one-year clock. *DeJesus v. Acevedo*, 567 F.3d 941, 943 (7th Cir. 2009).

The claim of ineffective assistance with regard to plea negotiations would not relate back to the filing of the original petition. Federal Rule of Civil Procedure 15(c)(1)(B) provides that an amendment relates back to the date of the original pleading when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out -- or attempted to be set out -- in the original pleading." The Supreme Court has rejected the argument that the "conduct, transaction, or occurrence" can be read broadly to refer to the same

---

[2] The one-year period is not tolled during the 90 days in which petitioner could have sought certiorari after his PLA was denied. *Tucker v. Kingston*, 538 F.3d 732, 735 (7th Cir. 2008).

trial, conviction or sentence. Rather, an amended habeas claim relates back only where the original claim and the amended claim "are tied to a common core of operative facts." *Mayle v. Felix*, 125 S. Ct. 2562, 2574 (2005).

Petitioner did raise some aspects of trial counsel's performance in his habeas petition, but none of the claims originally asserted concerned plea negotiations. Plea negotiations were not mentioned at all in the habeas petition. In order to preserve a claim of ineffective assistance of counsel for habeas review, a petitioner must present the "specific acts or omissions of counsel that form the basis" of the claim. *Johnson v. Hulett*, 574 F.3d 428, 432 (7th Cir. 2009)(internal citations omitted). This rule means that the petitioner "cannot argue one theory to the state courts and another theory, based on different facts, to the federal court." *Ibid*. See also, *Stevens v. McBride*, 489 F.3d 883, 894 (7th Cir. 2007)("[F]ailure to failure to alert the state court to a complaint about one aspect of counsel's assistance will lead to a procedural default.")

Petitioner recognizes that his claim of ineffective assistance with regard to plea negotiations constitutes a new claim. That is why he sought leave to file a successive state court petition. Because it is a new claim that arises from a different set of facts than the ineffective assistance claims raised in the original habeas petition, the new claim would not relate back and is untimely.

Petitioner has not argued that he is entitled to equitable tolling of the limitations period, or that he is "actually innocent" within the meaning of *McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013).

The Supreme Court recognized in *Rhines* that stay and abeyance has the potential to undermine the purposes of the AEDPA, and should be applied

sparingly.  *Rhines*, 125 S. Ct. at 1534-1535.  Here, petitioner has not demonstrated that he had good cause for failing to exhaust a claim of ineffective assistance with regard to plea negotiations in state court.  Further, his unexhausted claim is meritless because it is untimely.  A habeas court abuses its discretion in granting a stay where the unexhausted claim is "plainly meritless." *Rhines*, 125 S. Ct. at 1535.  Therefore, this Court concludes that the habeas petition should not be stayed.

Petitioner's Motion to Stay and Hold in Abeyance **(Doc. 23)** is **DENIED**.

**IT IS SO ORDERED.**

Signed this 21st day of October, 2014.

Digitally signed by David R. Herndon
Date: 2014.10.21 15:53:20 -05'00'

**District Judge**
**United States District Court**